UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANDRE O'NEAL,

   Plaintiff,

v.                  Case No. 18-cv-548-pp

TOM CONLON, DEON, LAUREL,
and PATRICK,

   Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

  This is the second of four cases that the plaintiff (who is representing himself) filed in the Eastern District of Wisconsin a four-week span. Case Nos. 18-cv-536, 18-cv-548, 18-cv-684 and 18-cv-685. He filed this complaint three days after he filed his first complaint; this time he has sued individuals from the U.S. Marshals Service. Dkt. No. 1. In his first complaint, the plaintiff sued the FBI office and a FBI agent because they allegedly refused to help him or investigate his allegations. In this complaint, he has sued the U.S. Marshals Service in Milwaukee, Tom Conlon, "Deon," "Laurel" and "Patrick." Dkt. No. 1 at 2. The plaintiff also asks for leave to proceed without prepaying the filing fee. Dkt. No. 2. Although the plaintiff has established that he cannot afford the filing fee, the court will dismiss the case for failure to state a claim.

## I. Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee (Dkt. No. 2)

The court may allow a litigant to proceed without prepayment of the filing fees if two conditions are met: (1) the litigant is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

### A. Plaintiff's Ability to Pay the Filing Fee

The plaintiff states that he is unemployed, single, and has a fifteen-year-old son for whom he provides no financial support. He reports no monthly income and no expenses, and says that he owns no property of value. It is unlikely that the plaintiff has no expenses—even if he lives with someone who pays the bills, he likely has some obligations. Given the other problems with the case, however, the court will accept the plaintiff's claim that he can't pay the filing fee.

### B. Screening

#### 1. *Legal Standard*

The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it

"is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

2.  *Facts Alleged in the Plaintiff's Complaint*

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

The form the plaintiff used to file his complaint asked him to provide a statement of the claim identifying who violated his rights, what each defendant did, when they did it, where it happened and why it happened. Dkt. No. 1 at 2. The plaintiff states as follows:

> Violated US 18 & title 5 color of law US 18 section 33771, 42, 28, obstructing Investigation & Refuse Help Federal & State Witness in Federal case. Victim compensation & loss wages & protected custody Escort to US Department of Justices Washington DC. Conspiracy Against Right, Depraved of Constitution Law & Civil Right, Negligent Misrepresentation, Discrimination upon Date 4/19/18 at 9:25 AM-9:45 AM US Marshal Milwaukee Wisconsin.

Dkt. No. 1 at 2.

The plaintiff alleges that he went to speak with U.S. Marshals Patrick and Laurel in January of 2018. Id. He claims a U.S. Marshal in Washington D.C. told the plaintiff to contact them regarding transportation to the U.S. Department of Justices. Id. at 3. The plaintiff says that he waited over three

4

days at the Amtrak station while calling for help and requesting an escort from the U.S. Marshals witness protection service in Washington D.C. and/or Milwaukee. Id. The plaintiff says he told "them" that he had been a witness to federal crimes, domestic terrorism, hate crimes, human trafficking, concealing a homicide death, gang stalking by state and government informants, and racketeering and corrupt organization influence. Id. He says he "was told" that someone called him (and that it never happened) on April 9, 2018. Id. He says that he told someone named Mr. Deon about his "call" and his cases and "cell-phone having wiretapping;" he told Mr. Deon that he needed help getting to the Department of Justices in Washington D.C., but after taking down his information and going to the back of the office, Mr. Deon returned and told him he had five minutes to leave. Id. The plaintiff asked to see the supervisor, Tom Conlon; Mr. Deon told him no. Id. The plaintiff appears to allege that he eventually spoke with Conlon, and asked him for a business card; Conlon said he was out. Id. at 4. The plaintiff asked Conlon to call "US Marshal Dammon," and Conlon told the plaintiff he could not help him without something recorded in the system. Id. When the plaintiff tried to show Mr. Deon his call logs, he realized someone had deleted the information. Id.

    The plaintiff says that when the marshals would not help him, he left the U.S. Marshals office and went to the U.S. Department of Justices on April 9, 2018 to file a complaint regarding the U.S. Marshal. The receptionist in the office told the plaintiff to "file papers." Id. at 5. The plaintiff said that that as he was leaving, he told the receptionist that he was going to call the U.S. Attorney

5

and "victim compensation," because he still needed help getting to Washington. Id. The plaintiff seeks $50,000,000,000. Id. at 6.

>    3.   *Analysis*

It appears that the plaintiff's claim is based on the fact that he sought help from the U.S. Marshals Service, either in the form of witness protection or transportation to Washington, D.C., but the people he talked to would not provide that help. He asks the court to help "stop the discrimination," and says that he has been deprived of his "constitution law & civil rights." Id.

In order for the plaintiff to bring a lawsuit in federal court, he must either present facts that would show a violation of federal law or the federal constitution or he must sue a citizen of a different state for an amount that exceeds $75,000. 28 U.S.C. §§1331, 1332. The facts the plaintiff has alleged in this complaint do not explain the basis on which he believes that any of the individual defendants discriminated against him—he does not say that anyone discriminated against him based on race, or age, or religion or any other status. He does not say which provision of the Constitution any of the defendants violated, or which of his civil rights was violated.

Maybe the plaintiff is trying to bring a Bivens case for deprivation of federal or constitutional rights. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The plaintiff, however, has not alleged any facts that show such a deprivation. The refusal by various members of the U.S. Marshals Service to provide him transportation to Washington D.C., investigate problems

with his cell phone or otherwise act on his various other allegations does not violate any federal law or provision of the Constitution.

Nor may the plaintiff sue the U.S. Marshals Service under <u>Bivens</u> because the cause of action recognized in <u>Bivens</u> is limited to claims against individual federal officers; it does not extend to federal agencies. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 473 (1994). A person may sue federal agencies only to the extent that the United States has waived sovereign immunity. Although the Federal Tort Claims Act waives sovereign immunity for some suits against the United States, it does not permit suits for alleged constitutional torts. 28 U.S.C. §1346(b); <u>Meyer</u>, 510 U.S. at 477 (constitutional torts not cognizable under FTCA). Because the plaintiff has not made allegations to support a federal cause of action, the court must dismiss this case.

## II. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2. The court **DISMISSES** this case without prejudice for failure to state a claim.

Dated in Milwaukee, Wisconsin this 11th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**